PHILLIP A. TALBERT
United States Attorney
WHITNEE GOINS
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>KYLE COLTON,<br><br>              Defendant. | CASE NO. 2:24-CR-00029 DAD<br><br>UNITED STATES' SUPPLEMENTAL BRIEFING RE: COLTON'S MOTION TO SUPPRESS/MOTION FOR *FRANKS* HEARING<br><br>DATE: January 13, 2025<br>TIME: 9:30 a.m.<br>COURT: Hon. Dale A. Drozd |

The search warrant affidavit establishes a fair probability that Colton would have backed up his prized souvenirs from the January 6 incursion onto his computer. The probable cause for the search of the computer comes from the combination of (1) the affiant's statement of general knowledge that people back up their data, together with (2) the fact that the January 6 video and photo souvenirs were highly valued by this particular defendant, such that a fair inference would be that he would take care to make a backup copy.

Alternatively, if the Court determines that the search warrant lacked probable cause to search Colton's computer, the good faith exception applies. Colton has not made a sufficient showing to obtain a *Franks* hearing.

I.  ARGUMENT

**A. The search warrant affidavit described a reasonable nexus between Colton's January 6 conduct and his computer.**

There is a sufficient nexus between Colton's January 6, 2021 criminal conduct and his computer because SA Dulai included facts and information in his affidavit that supported a reasonable belief that evidence of Colton's conduct would be found backed up on his computer. The Ninth Circuit requires only a reasonable nexus between the activities supporting probable cause and the locations to be searched. *United States v. Ocampo,* 937 F.2d 485, 490 (9th Cir. 1991). A "reasonable nexus" does not require direct evidence that the items listed as the objects of the search are on the premises to be searched. *Id.* The magistrate judge must "only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." *United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir. 1993).

1. **The Affidavit Establishes that People Generally Back Up Their Data**

Colton took multiple photographs and at least one video on his cell phone of his criminal conduct on January 6, 2021. As SA Dulai indicated, it is common for individuals to back up or preserve copies of digital media (such as photos and videos) across multiple devices to prevent loss. SA Dulai included the knowledge derived from his training and experience that digital devices are commonly[1] synced across multiple digital devices. He stated, in his training and experience, it is common for individuals to back up or preserve copies of digital media (such as photos and videos) across multiple devices to prevent loss. Affidavit ¶ 65.

2. **The Affidavit Establishes that this Backup Behavior is Particularly Likely Where the Data is Prized**

Colton took pride in his obstruction at the U.S. Capitol. So much so, that he shared stories about his involvement with at least two strangers on his flight back home. Colton showed at least one passenger on the flight photographs he took of [other] rioters inside the U.S. Capitol building. Affidavit ¶ 38. Colton also sent text messages to an uncharged individual thanking him for a ride and included

---

[1] According to Merriam-Webster's dictionary, the word "common" means occurring or appearing frequently. *See* https://www.merriam-webster.com/dictionary/common. The dictionary also highlights that "common" implies usual everyday quality or frequency of occurrence. *Id.*

four photographs from inside the capitol building. Affidavit ¶ 39. Colton was not shy or secretive about his involvement in the riot. Colton's presence, stories, and photographs were clearly important to him. Similar to Colton, other individuals who participated in the riot also bragged about their participation; they kept and posted videos, photos, and other commentary [about the riot]. Affidavit ¶ 65. These facts all show a fair probability that a person who participated in such a monumental event would want to ensure that the memories were not lost or destroyed. In order to accomplish this goal, it is reasonable to believe that such a person would sync their photos, videos and commentary across multiple digital devices.

In *Reichling*, the defendant was charged with receiving sexually explicit images of, and sending threatening text messages to the minor victim using his cell phone. *United States v. Reichling*, 781 F.3d 883 (7th Cir. 2015). The search warrant authorized the search of "[a]ll computers and computer hardware devices," including desktops, laptops, cell phones, etc. *Id.* at 886. The defendant argued that the search warrant was overbroad because the search warrant should not have permitted law enforcement to seize and search any other electronic device other than the cell phone he used to communicate with the victim. *Id.* Specifically, the defendant argued that the affidavit contained "no indication that he transferred the photos to any other device." *Id.* The defendant further argued that each digital device needed its own independent probable cause. *Id.* The Seventh Circuit rejected this argument, specially stating, "[w]hen a judge receives an application for a search warrant, the judge must make 'a practical, commonsense decision about whether the evidence in the record shows a *fair probability* that contraband or evidence of a crime will be found in a particular place.'" (emphasis added) *Id*. at 887; *see also United States v. Nguyen*, 743 F. App'x 764, 766 (9th Cir. 2018) (holding that the sharing of child pornography on the internet from a computer established "a fair probability that contraband or evidence of a crime would be found in [Nguyen's home]"). The Seventh Circuit held:

> A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and contains in which the weapon might be found.

> The search warrant affidavit in this case established probable cause to believe images of the victim (likely constituting child pornography), Facebook messages, and text messages would be found in Reichling's parents' residence and the adjacent trailer. Given the large number of images at issue, the duration of Reichling's interest in the victim, and the way various storage media work together – as well as "an understanding of both the behavior of child pornography collectors and of modern technology" – it was reasonable for the issuing judge to authorize the police to conduct "separate acts of entry or opening," including searching any computers and other storage devices in which the [images] may be found.

*Id.* at 888-89 (internal citations omitted).

Further, in *Contreras*, federal agents executed a search warrant of the defendant's residence for all [of his] electronic devices for child pornography. *United States v. Contreras*, 905 F.3d 853, 855 (5th Cir. 2018). The defendant had uploaded sexually graphic images of young children to a group chat on Kik, a mobile messaging application. *Id.* The defendant argued that because Kik is a messaging application for cell phones only, there was no probable cause to search for and seize computers or other objects. *Id.* at 859. The Fifth Circuit found this argument unpersuasive. *Id.* The Court specifically found that because the search warrant "affidavit noted that cell phones can easily be used in conjunction with computers to transfer, view, back up or store child pornography images," there was probable cause to search for and seize his computers and other objects. *Id.*

Here, the affidavit described probable cause to search all of Colton's electronic devices, including his cell phones, computer and all other electronic devices. Colton used his cell phone to take photographs and a video during the commission of his crime. Like the defendant in *Reichling*, Colton cannot argue that because there is no indication that he transferred his photos and video to his computer, that no probable cause existed to search his computer. Probable cause to search Colton's computer existed because there was a fair probability that Colton "may"[2] have shared/synced/transferred his photos and video, which were his prized souvenirs, to his computer, as described in the affidavit. Affidavit ¶ 65. Further, similar to *Contreras*, SA Dulai also stated in his affidavit that it is common for individuals to back up or preserve copies of digital media across multiple devices to prevent loss.

---

[2] According to Merriam-Webster's dictionary, the word "may" is used to indicate possibility or probability. *See* https://www.merriam-webster.com/dictionary/may. At the time the affidavit was authored, SA Dulai did not know whether or not Colton had any other electronic devices. So, SA Dulai used the word "may" to indicate that evidence of Colton's criminal conduct could also be found on his other electronic devices. SA Dulai was cautious and did not overexaggerate the facts available to him.

1  Affidavit ¶ 65.  As the court noted in *Contreras*, cell phones can easily be used in conjunction with
2  computers to transfer, view, or back up evidence of a crime.
3        Finally, similar to both *Reichling* and *Contreras*, the magistrate judge was authorized to make
4  reasonable inferences about whether or not there was a fair probability that evidence of Colton's conduct
5  on January 6, 2021 would be found on his computer.  Given the way various storage media work
6  together (as outlined in the affidavit), as well as an understanding of the January 6th rioters pride in
7  posting and sharing photos, videos and commentary with each other about the riot, it was reasonable for
8  the magistrate judge to authorize the search of any computers and other storage devices where images,
9  photos or commentary may be found.  Therefore, there was probable cause supporting the authorization
10 of the search of Colton's computer.

      **B.**      **This case is distinguishable from *Kastis*.**

12       In *Kastis*, this Court granted the defendant's motion to quash a search warrant based upon a
13 determination that a Franks violation occurred.  *United States v. Kastis*, 1:08-cr-00260-DAD-BAM
14 (2018) ECF No. 121.  This Court granted the defendant's motion after holding a Franks hearing.  This
15 Court held that the facts supporting probable cause for the defendant committing an offense of child
16 molestation, "could not have supported probable cause for the broad computer search authorized here,
17 which in reality was aimed at discovery of child pornography." *Id.* at 17.  The Court came to this
18 conclusion finding that the "mere taking of photographs of children—when there was no suggestion that
19 those photographs were lewd or lascivious—cannot suffice as probable cause to believe defendant was
20 in possession of child pornography." *Id.* at 18.
21       Here, the facts of *Kastis* are not analogous to the facts in this case.  SA Dulai knew that Colton
22 possessed photographs, a video and text messages concerning Colton's criminal activity at the riot on his
23 cell phone.  Contrary to the affiant in *Kastis*, there was a strong suggestion and a fair probability, that the
24 evidence located on Colton's phone may also be on his other electronic devices.  SA Dulai stated the
25 reasons in his affidavit, including, it was common for individuals to back up or preserve copies of digital
26 media (such as photos and videos) across multiple devices to prevent loss, some companies provide
27 services that seamlessly sync data across devices, many individuals that participated in the riot, kept and
28 posted videos, photos, and commentary about their participation in the offenses, essentially bragging

UNITED STATES' SUPPLEMENTAL BRIEF RE: COLTON'S
MOTION TO SUPPRESS/MOTION FOR *FRANKS* HEARING

5

about their participation and numerous persons involved in the riot possessed digital devices to communicate with other individuals to plan their attendance at gatherings and coordinate with other participants.

Further, contrary to the affiant in *Kastis*, SA Dulai drafted his affidavit to search Colton's electronic devices only for evidence of his specific crimes committed on January 6, 2021 and for no other purpose, which was proper. "A warrant authorizing the search of electronic data is sufficiently particular if its scope is limited to evidence pertaining to a specific crime." *United States v. Smith*, 19-cr-324, 2021 WL 2982144, at *8 (D.D.C. July 15, 2021); *see also United States v. Bishop*, 910 F.3d 335, 337 (7th Cir. 2018) ("It is enough . . . if the warrant cabins the things being looked for by stating what crime is under investigation"). On this basis, courts regularly grant warrants seeking authorization to search the entire contents of cell phones and other digital devices. *See Bishop*, 910 F.3d at 337. The affidavit in *Kastis* documented probable cause for child molestation, while trying to find child pornography in the defendant's computers, which was not the subject of the warrant. SA Dulai only intended to search Colton's computer for crimes associated with January 6, 2021. After SA Dulai discovered what he believed may be child pornography on Colton's computer, he promptly obtained a rollover search warrant in order to conduct a search of the computer for child pornography.

### C. The Good Faith Exception Does Apply

If this Court determines that the search warrant lacked probable cause, the Court should find that the officers relied in good faith on an objectively reasonable search warrant for the reasons stated in our opposition. *United States v. Leon*, 468 U.S. 897, 925 (1984); *United States v. Crews*, 502 F.3d 1130, 1135-36 (9th Cir. 2007) (citing *Leon*).

Finally, Colton is not entitled to a Franks hearing because he has failed to make a substantial preliminary showing that the affiant intentionally or recklessly made false or a misleading statement or omissions and the alleged false or misleading statement or omission was material. *United States v. Norris*, 942 F.3d 902, 910 (9th Cir. 2019); *see also United States v. Martinez–Garcia*, 397 F.3d 1205, 1214–15 (9th Cir. 2005)

## II. CONCLUSION

The United States asks this Court to deny Colton's motion for a *Franks* hearing and motion to suppress.

Dated:  December 9, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ WHITNEE GOINS

WHITNEE GOINS
Assistant United States Attorney