HEATHER E. WILLIAMS, #122664
Federal Defender
DOUGLAS J. BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700
Douglas_Beevers@fd.org

Attorneys for Defendant
KYLE COLTON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-00029-DAD |
| Plaintiff, | **LETTER MEMORANDUM REGARDING MOTION TO SUPPRESS** |
| v. | |
| KYLE COLTON, | |
| Defendant. | |

As authorized in this Court's oral order today, Defense, submits his letter memorandum clarifying his argument regarding the out of circuit cases submitted in the Government's Supplemental Briefing ECF 37 (*citing United States v. Reichling* and *United States v. Contreras*). Defense incorrectly stated these were inconsistent with Ninth Circuit law. Actually, the two cases are identical to *United States v. Lacy*, 119 F.3d 742, 745 (9th Cir. 1997). All three of these cases approved search warrants which were sought based on evidence of child pornography where the affidavit included details describing the specific hoarding character of people who collect child pornography.

*Reichling* and *Contreras* do not support probable cause in Mr. Colton's case for the exact reason defense argued in his Reply (ECF 34 page 9) as to why the *United States v. Lacy, supra*,

was distinguishable. In his Reply, Defense argued that the Ninth Circuit upheld the search warrant in *Lacy*, because the affidavit was based on the specific hoarding character of people who collect child pornography. *See United States v. Lacy*, 119 F.3d 742, 745 (9th Cir. 1997). In *Reichling*, the Seventh Circuit also relied on the fact that the search warrant affidavit gave details about the characteristic behavior of child pornography collectors:

> The search warrant affidavit in this case established probable cause to believe images of the victim (likely constituting child pornography), Facebook messages, and text messages would be found in Reichling's parents' residence and the adjacent trailer. Given the large number of images at issue, the duration of Reichling's interest in the victim, and the way various storage media work together—as well as "an understanding of both the behavior of child pornography collectors and of modern technology," *Carroll*, 750 F.3d at 704—it was reasonable for the issuing judge to authorize the police to conduct "separate acts of entry or opening," including searching any computers and other storage devices "in which the [images] might be found."

*Reichling*'s citation to the *Carroll* decision explains what it meant by "behavior of child pornography collectors." In *Carroll*, 750 F.3d 700, 704 (7th Cir. 2014) the Seventh Circuit approved a child pornography search warrant and held that "this 'hoarding' habit among collectors of child pornography is well established in this Court's precedent. The reasoning in *Reichling*, and *Carroll* exactly the same as *Lacy* and depends on the unique hoarding behavior of child pornography collectors not all criminal suspects.

The Government also cited *United States v. Contreras*, 905 F.3d 853, 855 (5th Cir. 2018), which just follows the exact same reasoning of *Lacy*, *Reichling* and *Carroll* and depends on the specific hoarding behavior of child pornography collectors. In *Contreras*, the Fifth Circuit relied on the fact that:

> "Dunagan attested that evidence in child pornography cases may be kept for years because people who collect child pornography typically maintain those materials for a long time, and forensic experts can frequently recover evidence of deleted files. Those assertions were offered alongside "specific facts" linking the Contreras residence to uploads of child pornography.

I*d.,* at 858.

Letter Memorandum                                          -2-

Where police seek a warrant for a crime that is not regularly associated with obsessive hoarding the probable cause must be evaluated under the ordinary probable cause test for ordinary crimes which was established in *United States v. Nora*, 765 F.3d 1049 (9th Cir. 2014). In *Nora* the Court found the fact that a person has one illegal gun does not give probable cause to believe he would have a second gun. When it decided *Nora*, the Ninth Circuit obviously knew that it is common for people in the United States to have more than one gun, but still found not probable cause. The investigation of Mr. Colton for trespass was an ordinary criminal investigation governed by *Nora*, not by the specialized rules for child pornography.

Respectfully submitted,

Dated: January 13, 2025

HEATHER E. WILLIAMS
Federal Defender

*/s/ Douglas J. Beevers*
DOUGLAS J. BEEVERS
Assistant Federal Defender
Attorney for KYLE COLTON