MICHELE BECKWITH
Acting United States Attorney
WHITNEE GOINS
SHEA J. KENNY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KYLE TRAVIS COLTON,<br><br>Defendant. | CASE NO. 2:24-CR-00029 DAD<br><br>AMENDED STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT AND CONTINUANCE OF TRIAL DATE; FINDINGS AND ORDER<br><br>DATE: May 6, 2025<br>TIME: 9:30 a.m.<br>COURT: Hon. Dale A. Drozd |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for trial to begin on May 6, 2025. ECF 39. The Trial Confirmation Hearing was set for April 14, 2025. Counsel expect that trial will require approximately 2 trial days.

2. By this stipulation, defendant now moves to continue the trial until July 15, 2025, and re-set the Trial Confirmation Hearing for May 12, 2025, and to exclude time between May 6, 2025, and July 15, 2025, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes several hundred pages of investigative reports and related documents in electronic form,

as well as electronic discovery which has been made available to the defendant for review in the government's office (due to the nature of the materials). In addition, on March 26, 2025, the government produced an additional 85 pages of discovery, consisting largely of grand jury testimony of potential trial witnesses. Much of the discovery in this case is covered by the parties' stipulated protective order (ECF 19), which requires that defense counsel maintain possession of certain discovery and that the defendant may only view this discovery while in the presence of defense counsel. This necessitates additional time to effectively prepare. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for the defendant desires additional time to prepare for trial. Counsel for the defendant may also explore a potential motion to dismiss of the indictment. Finally, counsel for the defendant has a scheduling conflict with a speedy trial, and cannot proceed with trial in this case on May 6, 2025.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 6, 2025 to July 15, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

g) In addition, time continues to be excluded while defendant's motion to suppress is pending, pursuant to 18 U.S.C.§ 3161(h)(1)(D) [Local Code E].

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 11, 2025                                   MICHELE BECKWITH
                                                         Acting United States Attorney


                                                         /s/ WHITNEE GOINS
                                                         WHITNEE GOINS
                                                         SHEA J. KENNY
                                                         Assistant United States Attorneys


Dated:  April 11, 2025                                   /s/ DOUGLAS BEEVERS
                                                         DOUGLAS BEEVERS
                                                         Counsel for Defendant
                                                         KYLE TRAVIS COLTON


**ORDER**

Pursuant to the stipulation of the parties and good cause appearing, the trial date in this case previously scheduled for May 6, 2025 is continued to July 15, 2025, at 9:00 a.m. and the Trial Confirmation Hearing is continued to May 12, 2025, at 9:30 a.m.  In addition, time is excluded between May 6, 2025, and July 15, 2025, under Local Code T4.[1]

IT IS SO ORDERED.

Dated:  __**April 11, 2025**__                           _____
                                                         DALE A. DROZD
                                                         UNITED STATES DISTRICT JUDGE

---

[1] On April 10, 2025, the court issued an order denying the defendant's previously pending motion to suppress evidence.  (Doc. No. 45.)  Accordingly, the exclusion of time based on a pending motion, as opposed to the exclusion under Local Code T4, expired on or before April 10, 2025.