# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL EDWIN WILSON,<br><br>Defendant. | Case No. 23-CR-427 |

### UNITED STATES' RESPONSE TO COURT'S FEBRUARY 24, 2025 ORDER REGARDING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion in response to the Court's Minute Order dated February 24, 2025.

As set forth in the Defendant's Emergency Motion (ECF No. 107), the defendant was released on January 21, 2025, following the issuance of the Executive Order dated January 20, 2025, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021 ("Presidential Pardon"). When the Bureau of Prisons ordered the defendant to return to custody, his attorney filed a motion to stay, to which the government did not object. The Court then ordered the government to file a response by February 6, 2025, as to whether the Presidential Pardon covered the defendant's firearm convictions, which had been transferred to the District of

Columbia through Rule 20 as part of the plea agreement, in addition to the conviction regarding the defendant's conduct on January 6, 2021.

In its filing dated February 6, 2025, the government indicated that the language of the pardon did not cover the firearm convictions, 18 U.S.C. §§ 922(g) & 924(a)(2) (possession of a firearm by a prohibited person) and 18 U.S.C. §§ 5841, 5861(d), and 5871 (possession of an unregistered firearm). (ECF No. 103). The basis of these convictions were firearms recovered pursuant to a search warrant executed at the defendant's residence in Kentucky, based on his conduct on January 6, 2021, at the United States Capitol. In the intervening period since the government filed its response, the government has received further clarity on the intent of the Presidential Pardon. Under these circumstances, the Presidential Pardon includes a pardon for the firearm convictions to which the defendant pled, similar to other defendants in which the government has made comparable motions.

For example, the government recently moved to dismiss an indictment pending in the Middle District of Florida, where the defendant had been charged with felony possession of a firearm, for a firearm obtained during a search warrant related to the investigation of the defendant's conduct on January 6, 2021. *United States v. Ball*, 5:24-CR-97, ECF 41 (Middle District of Florida, filed February 20, 2025). Similarly, the government filed a Notice of Filing of Certificate of Pardon

in *United States v. Jeremy Brown*, to clarify that "[b]ased on consultation with Department leadership, it is the position of the United States that the offenses in this case are intended to be covered by this Pardon." *United States v. Jeremy Brown*, 8:21-CR-00348, ECF 372 (Middle District of Florida, filed February 25, 2025). In that case, the defendant had been convicted in the Middle District of Florida for possession of firearms and other weapons at a jury trial in December 2022; contraband which had been located at his residence pursuant to a search warrant related to his actions on January 6, 2021. In addition, the government recently concurred in the dismissal of an appeal in the Fourth Circuit, in the case of a defendant who was convicted of offenses related to January 6, 2021, and possession of contraband which was located pursuant to a search warrant executed at his residence for evidence related to his January 6, 2021 conduct. In that matter, the U.S. Attorney for the District of Maryland noted that "[a]fter consulting with the Department of Justice's leadership, the United States has concluded that the President pardoned Mr. Costianes of the offenses in the indictment. This determination by the Executive is 'conclusive and persuasive.' *Trump [v. United States]*, 603 U.S. [593], 608 (2024)." *United States v. Costianes*, USCA4 Appeal 24-4543, Doc 20-1 (filed February 19, 2025). As noted by the Supreme Court, a "pardon is an act of grace by which an offender is released from the consequences of his offense." *Knote v. United States*, 95 U.S. 149, 153 (1877).

For the reasons set forth above, the government does not oppose the defendant's motion for relief. It is the position of the United States that the offenses of conviction in this case are intended to be covered by the Presidential Pardon.

Respectfully submitted,

EDWARD ROBERT MARTIN, JR.
United States Attorney
D.C. Bar No. 481866

_____/S/_____
JENNIFER LEIGH BLACKWELL
Assistant United States Attorney
D.C. Bar No. 481097
601 D Street, NW
Washington, D.C. 20530
Jennifer.blackwell3@usdoj.gov
(202) 252-7068