MICHELE BECKWITH
Acting United States Attorney
WHITNEE GOINS
SHEA J. KENNY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KYLE TRAVIS COLTON,<br><br>Defendant. | CASE NO. 2:24-CR-00029 DAD<br><br>**GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS**<br><br>DATE: July 15, 2025<br>TIME: 9:00 a.m.<br>COURT: Hon. Dale A. Drozd |

The United States of America ("government"), by and through its undersigned counsel, respectfully requests that during voir dire, the following questions be asked of, and statements be made to, prospective jurors in this case in addition to the Court's standard questions. As a preliminary matter, the government requests that the Court precede its questioning with the following:

> If you conclude that any question unduly pries into your private affairs and you, therefore, wish to discuss it privately, let me know of that request. While I'm authorized under law to protect your legitimate privacy interests, I may ask some questions in the area that you indicate a desire to discuss in private to determine whether we can discuss any aspect of the matter in open court without disclosing what you desire to keep private. This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

The government makes this request given the potentially sensitive nature of some of the questions in this case.

# I. BACKGROUND QUESTIONS

## A. Identity of Parties

1. Ask counsel to introduce themselves and identify the case agent, the defendant, and support staff at each counsel table.

2. Do any members of the panel know the defendant or the attorneys for the defendant or their staff?

3. Do any members of the panel know the Assistant United States Attorneys, Whitnee Goins or Shea J. Kenny, Legal Administrative Specialist, Nina Baker, or anyone employed by the United States Attorney's Office or the U.S. Department of Justice?

4. Does anyone know Special Agent Allison Boos of the Federal Bureau of Investigation?

5. Do any members of the jury pool know any other members of the jury pool?

The government requests that the proposed witness lists be read to the jury, and that the panel be questioned as to whether any panel members know any of the potential witnesses on those lists.

## B. Prior Jury Service/Prior Experience with the Criminal Justice System

6. Have you ever served as a juror before?

   a) If yes, were you a juror in a state or federal court?

   b) What type of case was it, for example, a civil case, criminal case, or service on a grand jury?

   c) Did you reach a verdict?

   d) Did you have any bad experiences as a juror, such that you could not give a fair and impartial trial to both sides in this case? If the jury did not reach a verdict, is there anything about that experience which would make it difficult for you to serve as a juror in this case?

7. Have any of you participated in a criminal trial proceeding, for example, as a witness at a trial or before a grand jury? If so, is there anything about the experience that might cause you to favor or disfavor either party in this case?

## C. Law Enforcement Experience

8. Have you ever received training in law, law enforcement, or police work of any kind?

   a) If so, please describe the nature of your training and length of the training.

9. Have you ever been employed by any federal, state, or local law enforcement agency?

    a) If so, in what capacity did you serve?

10. Have you ever had a relative or close friend who was employed by any federal, state, or local law enforcement agency?

    a) If yes, in what capacity did he or she serve?

    b) And how often did you discuss that person's work with him or her?

11. Have you, your family members, or close friends had any experience with a government agency that would cause you to be biased for or against the government? If so, please explain.

12. Do you belong to or associate with any groups which have crime prevention or law enforcement as a primary goal?

13. In particular, this case was investigated by the Federal Bureau of Investigation. Do you have any particular concern or problem with this agency or any others?

### D. Legal Training and Experience

14. Have you had any training in law?

    a) If so, are you a practicing attorney?

    b) What was/is your area of practice?

    c) Has your practice ever involved criminal law?

        i) As a prosecutor? If so, where and when?

        ii) As a defense attorney? If so, what was the nature of your criminal defense practice?

        iii) Will those experiences prevent you from being a fair and impartial juror in this case?

15. Have you ever belonged to any criminal defense or prosecution-oriented association or organization? If so, please elaborate.

16. Have you ever belonged to an association that advocates for a particular legal issue? If so, please elaborate.

17. Do you have any family members, close friends, or associates who are attorneys?

    a) If so, in what type of law practice are they involved?

18. Do you have any family members, close friends, or associates who work in law offices?

    a) If so, in what type of law practice are they involved?

**E.** **Dealings with the United States**

19. Have you or any member of your immediate family been employed by the United States government or its armed services?

20. Are you, or have you ever been, an official or employee of the United States government? If yes, please explain.

21. Do you have any family members or close friends who are or who have been officials or employees of the United States government? If yes, please explain.

22. Do you, or does any member of your family, or any close friend, have any dealings with the United States government or any of its agencies, from which you might profit?

23. Have you ever had any case against, claim against, or dispute with the United States government or one of its agencies?

24. Have you or any of your relatives or close friends ever had an unfavorable dealing or involvement with the United States Government or the United States Attorney's Office?

25. Do any of you have any personal feelings against the federal government? Please explain.

## II. IMPAIRMENT QUESTIONS

**A.** **Willingness and Ability to Follow the Law and Examine the Evidence**

26. If you are selected to be a member of this jury, the Court will instruct you that it is your duty to follow the law, regardless of what you believe the law is or ought to be. Can everyone assure the parties that they will follow the Court's instructions on the law, regardless of what you personally believe the law is or ought to be?

27. This trial is likely to take two court days and involve witnesses and documents. Does anyone have any physical or mental condition that will make it difficult to pay attention and or retain information for that period of time?

28. Will any of you have difficulty seeing or hearing the witnesses, videos played through the Court's speakers, or hearing audio recording played through the Court's speaker system? If so, are there

any accommodations that can be made to assist you in seeing or hearing the witnesses and recordings?

29. Are you now taking, or do you anticipate taking medication during the course of the trial that might affect your attention or your ability to concentrate, understand, consider and weigh the evidence in this case?

30. Do any of you know of any reason why you could not be fair to both sides in this case?

### III. CASE SPECIFIC VOIR DIRE

**A.   Familiarity with Computers**

31. Do any of you consider yourself to be an inexperienced computer user, with little or no exposure to computers?

32. Do any of you not own a computer?

   a) For those who do own a computer, do any of you not access the Internet?

33. Do you consider yourself a computer expert, or would you describe yourself as being computer savvy?

   a) If yes, why?

34. Have you, or anyone close to you, had specialized training or experience involving the use of cellular telephones, the Internet or computer forensics?

35. Have you worked in the cellular telephone business, e.g., tech support, programmer, software sales, otherwise?

36. Does your job entail working with computers?

   a) If so, please describe the nature of your work with computers.

37. Have you ever used a spyware camera for any purpose, including creating a video or videos?

38. Have you, or anyone close to you, ever used Virtual Private Networks ("VPN"s), The Onion Router ("TOR"), the dark web or the deep web?

   a) If so, for what purpose?

**B.   Constitutional and Regulatory Issues Relating to Child Pornography**

39. Do any of you believe that child pornography is a victimless crime?

40. Do any of you feel that child pornography laws are unfair or unfairly enforced?

41. Are you a member of any organization or group that advocates for laws affecting the use of or privacy on the Internet or personally-owned electronic devices?

42. Would you, for any reason, hesitate to enforce the laws regulating child pornography?

43. Do you believe in any way that producing, receiving, or distributing child pornography is an activity that is protected by the Constitution – such as by the Free Speech Clause or by some other Constitutional provision? I will tell you that this is not the case. Congress has passed laws that make it a criminal offense to produce, transport, distribute, receive, and possess child pornography, and this activity is not protected by the First Amendment or by any other Constitutional right.

44. Now that you know that producing, possessing, receiving, or distributing child pornography is not Constitutionally-protected conduct, do you believe that such activity should be protected?

    a) If so, would you have any difficulty abiding by my instruction to you that such activity is not legal?

### C. Special Issues Related to Child Pornography

The government proposes a series of questions related to child pornography and requests that individual prospective jurors be permitted, upon request, to provide sensitive information at a sidebar (with headphones provided to the defendant), given the intimate and private nature of questions in this case.

45. Part of the evidence in this case may be some visual depictions themselves, which will be sexual and graphic. The government alleges that (a) the visual depictions constitute child pornography and (b) the defendant knowingly received them, and/or knowingly possessed them. These visual depictions may be distasteful, offensive, and unpleasant to view. However, the prospect of having to see distasteful, offensive or unpleasant evidence is not a basis for avoiding the responsibility of jury service. Many cases, both criminal and civil, involve unpleasant things. If we excused prospective jurors on the ground that jury duty makes demands—including some unpleasant demands, then our system of justice could not function. Moreover, the parties have the right to expect that prospective jurors will not seek to avoid jury service simply because they would rather not serve or because they would like to avoid some unpleasantness. Having said that, is there anyone who honestly believes there is some compelling

reason why he or she could not be an impartial juror - that is consider all of the evidence and follow the law - simply because visual depictions of alleged child pornography will be presented as evidence in the trial?

46. Will you have difficulty discussing sexual matters with other members of the jury?

47. Have you, any member of your family, or a close friend ever been investigated, arrested, charged with, or convicted of any type of crime involving child pornography?

   a) If yes, please provide the details.

**D.  Experience with Criminal Justice System/Victim of Crime**

48. Have you, any member of your family, or a close friend ever been investigated, arrested, charged with, or convicted of any crime beyond a traffic ticket (including misdemeanors such as driving under the influence)?

   a) If yes, is there anything about that experience that would make it impossible for you to be a fair and impartial juror in this case?

49. Have you ever been the victim of another kind of crime?

   a) If yes, please explain.

50. Has any member of your family or a close friend been the victim of any kind of crime?

   a) If yes, please explain.

**E.  Candor/Jury Service**

51. Each of you will have to determine who is telling the truth.  Please raise your hand if you are unwilling or not comfortable judging a witness's credibility and making this kind of decision.

52. Do you have beliefs that make it impossible or difficult for you to decide the guilt or innocence of another person?

53. Do you have any problem with the requirement that your decision in this case must be based solely on the evidence presented at trial and by applying the law as I will give it to you in my instructions whether or not your agree with that law?

54. To admit to having some sympathy for either the defendant or the United States in this case is nothing to be ashamed of and does not reflect badly upon you as a person.  However, both the United States and the defendant are entitled to have this case heard by a fair and impartial jury that will

decide the case solely according to the evidence admitted in this Court, according to the Court's instructions on the law, and without regard to any bias, sympathy, prejudice or public opinion for either party. With this in mind, do any of you know any reason why you would be unable to give either the United States or the defendant a fair trial based solely on the evidence admitted at trial and the instructions given by the Court without regard to sympathy, bias or prejudice?

55. Is there any reason why you might not wish to sit as a juror in this case which the parties and the Court should know about?

### F. **Willingness to Follow the Court's Instructions**

56. This case may require that you make a determination as to a person's state of mind based on evidence of that person's conduct. Is there any reason why you feel that you cannot or should not do that?

57. Is there anyone on the panel who thinks that they would be unable to follow the law as the Court instructs you if you thought the law was unfair?

58. If the government proves the defendant guilty beyond a reasonable doubt, would you hesitate to sign a verdict of guilty? Conversely, if the government fails to meet its burden beyond a reasonable doubt, would you return a verdict of not guilty?

59. Do you have any philosophical, religious, moral, or other objection to sitting in judgment of another's conduct in a court of law?

60. Do you believe that a person is guilty just because they are here in court?

61. Do you feel that you would be unable to convict someone of a crime?

62. The government has the burden of proving the defendant guilty beyond a reasonable doubt. Is there any member of the panel who feels that the government must prove its case beyond all doubt, or to an absolute certainty, as opposed to beyond a reasonable doubt?

63. The potential punishment for the offense charged in the Indictment is a matter that should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused. Can you put aside any concerns about potential punishment in arriving at a fair and impartial verdict in this case?

///

**G.     General**

64.     Both the United States and the defendant are entitled to a fair and impartial trial. Do you have any dislike, disfavor, or skepticism against the defendant that would make it difficult for you to be impartial in this case? Do you have any dislike, disfavor, or skepticism against the United States government or any agency, department or part of it that would make it difficult for you to be impartial in this case?

65.     Is there any reason why you might not wish to sit as a juror in this case which the attorneys and the Court should know about?

Dated: July 3, 2025

Respectfully submitted,

MICHELE BECKWITH
Acting United States Attorney

By: */s/ WHITNEE GOINS &*
*SHEA J. KENNY*
WHITNEE GOINS
SHEA J. KENNY
Assistant United States Attorneys